Judge Ewing

delivered the Opinion of the Court.
Heasley being in possession of ninety five acres of land, lying in Jessamine county, verbally gave up the same to be levied on, under two- executions which issued against him; which was levied on, and a part thereof sold by the sheriff, in satisfaction of the executions, to Reid, as the highest bidder, and a deed made to him for fifty two acres.
Reid brought an ejectment against Heasley, and, on the trial, the Court instructed the jury, upon the evidence of the plaintiff, to find for the defendant, as in case of a non-suit. The jury having so found, and a motion for a new trial being overruled, and a judgment rendered on the verdict — Reid has appealed to this Court.
Several objections 'are raised to the acts and omissions of the officer who made the sale, as grounds for sustaining the instruction of the Circuit Court:—
First — that his returns on the. executions, of the land levied on and sold, are vague and imperfect in the description of the same.
Second — the part sold was not valued after the sale.
Third — the deed purports to convey fifty two acres, when the sale bond, to which he makes reference in his return, describes twenty and a half acres as sold under one execution, and thirty one acres sold under the other.
And, fourthly. Though no valuation was made, as it now appears in proof, that the part sold was sold for less than two thirds of its value, the defendant had the right *325 to redeem within twelve months, and the right to retain the possession, until after the expiration of that term; and this action having been brought within that period, ought not to be sustained.
When land is sold under ex’on, it is the sheriff’s duty to show, by his return on the ex’on, how he proceeded under it, stating the purchaser’s name, and giving some general description of the land in the return. It is also his duty to have the land valued after the sale and return the valuation &c. with the ex’on, that the debtor’s right to redeem, if the land sells under two thirds of its value, may appear. But the omission of these duties will not vitiate the sale, or affect the legal rights of the purchaser.
Qu. whether a c’t of eq. may not afford relief, where land has been sold under ex’on, for less than two thirds of its value, and the debtor has lost his right to redeem by the sheriff’s omission to have the land valued. The sheriff is liable for the injury which the debt or sustains by his neglect.
A discrepancy between a sheriff’s deed and the sale bond, as to the quantity of land sold, cannot vitiate the deed. The deed should describe the quantity and boundaries of the land; which the bond need not; and the error should rather be presumed to be in the bond.
We think that none of these objections are tenable.
It was certainly the duty of the officer, in his return, to give some general description of the land sold; to whom sold, and of the steps taken by him in the sale.-
It was equally his duty to procure the part sold to be valued after the sale, and also to make return thereof, with the execution, that the debtor might be furnished with the evidence of his right to redeem, in case such right existed.
But these are directory duties inculcated by the statute upon the officer; but their omission cannot be construed to retroact upon the sale, so as to affect the rights of the purchaser. His right rests upon his purchase, under a valid execution issuing upon a valid judgment, and being fairly made, cannot be defeated by the subsequent omissions or delinquencies of the officer.
If the land in fact sold for less than two thirds of its value, it might be a question upon a proper case made out, whether a court of chancery might not afford relief. The officer might, unquestionably, be made responsible to the debtor, for any injury he sustained by reason of his delinquency. But to permit his subsequent omissions, or derelictions of duty, to invalidate the sale, without fault on the part of the purchaser, would be to establish a doctrine that would expose titles derived under execution, to an uncertainty and insecurity, that would drive from the arena of bidders, all prudent and cautious persons ; diminish competition in bidding, and tend to produce a sacrifice to the injury of debtor and creditor. We cannot sanction such doctrine.
Nor do we perceive any validity in the objection, that the deed purports to convey one half acre more than is described in the sale bonds as having been sold. We may as well presume an error in the description of the quantity sold, in the sale bonds, as in the deed, and the more so, as it is the province of the deed to’give a full de *326 scription of the quantity, as well as boundary, of the land sold; and such description was not necessary in the bonds.
Where the description in the deed comprises more land than was actually sold the deed may be good, it seems, for the quantity sold, & no more.
If a debtor has a light to retain the possession of his land sold under ex’on for less than two thirds of its value, till the time of redemption expires—still the legal right to redeem, depends upon the valuation being made and returned in due form, by the sheriff with the ex’on. And where he has omitted to make such return, the debtor has no legal right to redeem; & cannot resist a recovery in eject. on the ground that the land sold under two thirds of its value, and the time for redemption has not expired. The remedy—if there is any, against the purchaser in such a case, is in chancery.
But it clearly appears, in this case, -that the part sold, when laid off as sold, embraces the possession of the defendant, if only fifty one and a half acres instead of fifty two acres was sold. And the deed, to that extent, in any event embraces the land sold. If the deed, therefore, be a nullity as to the half acre, it does not follow that it is a nullity as to the whole in as much as the part sold was to be laid off on a designated end or side of the tract, and has been so laid off and conveyed; and if an excess of an half acre more than the quantity sold, has been embraced, that excess may be dropped and excluded from the recovery, along the line, opposite to the end or side, on which the land sold was to be laid off, without injury to the rights of the defendant. In such a case the deed cannot be deemed void as to the whole, for an excess of authority.
Nor can the fourth objection be available to defeat the action.
If it be conceded that, when the valuation has been duly made and returned with the process, as required by law, that the right to redeem is a legal right, and carries with it the right to retain possession during the year, it cannot be admitted that the right subsists as a legal right in cases in which no return has been made, evidencing the same. It is obvious, from an examination of the statute, that the,valuation is to be made under the authority of the officer holding the process, and before the return thereof. He is to swear the valuers, and to act as umpire, in case of a disagreement between them, and to “indorse the valuation, with other facts necessary to explain the same, upon the execution, or some paper ap- ‘ ‘pendant thereto, and make return thereof, as in other “cases.” Whereupon the defendant is authorized, within the time limited for redemption, to tender the money to the purchaser, or his agent, or attorney, if in the county, and take his receipt, which is to be filed with the process, and if he refuses to receive it, to make affidavit thereof, or of his absence from the county, and file it with *327 the process, and pay the money to the clerk, taking his receipt for the same. The legal right to redeem is made to depend upon these preliminary steps, and no right of redemption is provided except upon the terms designated by the statute.
The sheriff has no authority to cause a valuation to be made after he has returned the execution.
Without the evidence of the right to redeem returned with the process, the purchaser cannot know whether such right subsists, or whether he is bound to receive the money; nor has the clerk any authority to administer the oath, or take the affidavit of the defendant, nor to receive the redemption money, except in cases where from the return upon the process, the right to redeem is shown to exist. And after the return no power is given to the officer by the law, to cause the valuation to be made, or to furnish, with his return, the prescribed and legal evidence of the defendants right to redeem. If, therefore, in such a state of case, the right to redeem exists, it can be asserted only in a court of chancery, where that will be regarded as done which should have been done, and where the purchaser may be compelled to yield up a legal advantage, which he has obtained by accident, or the negligence or casual omission of the officer, upon such equitable terms as may be consistent with good conscience and the just rights of debtor and purchaser.
It is, therefore, the opinion of the Court that the judgment of the Circuit Court be reversed, and cause remanded, that a new trial may be granted, without costs, and the appellant is entitled to his costs in this Court,