JUDGE PRYOR
delivered the opinion op the court.
The doctrine of caveat emptor applies to all sales of real estate made under judgments rendered by the chancellor. After confirmation, wherethe purchaser discovers a defect in the title, or assigns some other reason suificient to set aside the sale, the chancellor will relieve him by refusing to confirm the act of his commissioner; but where the sale has been confirmed, and no ‘ fraud practiced by the creditor on the purchaser, to induce the purchase or warranty of title, no relief will be granted; and we have been unable to find any case where the purchaser, after confirmation of the sale, has had a deduction made from the price agreed to be paid, or released from his obligation to pay, for the reason alone that liens existed upon the property at the time of the sale unknown to the plaintiff and the purchaser. There is no warranty of title by the chancellor or the creditor, and in a case like this, where there is a judgment to enforce the mortgage, and a sale under it, the purchaser buys at his peril, and can not complain of a want of title, unless he applies to the chancellor before the sale is completed by an order of confirmation, or during the term in which the chancellor has the power to disregard or modify such an order. In cases of sales under execution, a purchaser of the property sold to satisfy the plaintiff’s debt must pay his bonds, although he acquires no title, unless there is some warranty of title, or fraud practiced by the plaintiff in order to induce the purchase. The chancellor is more lenient than the common-law judge; and if before the sale is made complete it is discovered that his *595 vendee acquires no title, or some equitable reason is presented for canceling the bonds of the purchaser, the relief will be granted. There was no representation as to title, or fraud. practiced in this case in regard to the sale. The Bank had on one or two occasions paid the taxes for the mortgagor; still the latter was primarily liable, and the appellee, voluntarily and without any inducement from the bank or its officers, agreed to take the mortgaged property, and pay the bank’s debt.
The liens upon the property, having priority to the mortgage paid by the appellee, were the debts of the mortgagor, and the appellee, having paid them, must look to him, and not to the bank for restitution. The cases referred to by counsel for the appellee, as between vendor and vendee, have no application to decretal sales or sales under execution, and while the appellee may have purchased under the belief that he was ob-’ taining a title free from all liens, his loss is the result of his own action in the premises. He ought to have known what he was purchasing, or by inquiry to have ascertained his rights as purchaser.
“It is a well-settled principle that in judicial sales there is no warranty. This principle, as a general rule, holds good as to all those sales of real property made in equitable proceedings under the direction and control of the courts, usually denominated mortgage sales, guardian’s, executor’s, and sales for enforcement of vendors and statutory liens. The purchaser takes what he gets. The rule of caveat ernptor applies in all its rigor to sales of real property.” (Borer on Judicial Sales, 168.)
The taxes, paid by the purchaser in this case, of the property sold under the judgment of foreclosure, although a lien a.t the time of the sale, can not be deducted from the purchase-money. The sale has long since been confirmed, and the title vested in the purchaser.
The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.