E. H. TAYLOR, JR., *v.* BANK OF WOODFORD ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—437.]

**No Warranty in Judicial Sales.**

There is no warranty in judicial sales and a purchaser at such a sale can not secure relief in the absence of fraud or other causes sufficient to annul and set aside a judgment rendered. He has no right upon the ground of the property purchased being of no value to recover of the plaintiff in the action the price paid by him for such property.

APPEAL FROM WOODFORD CIRCUIT COURT.

November 2, 1882.

OPINION BY JUDGE LEWIS:

It appears from the petition of appellant in this case that after he purchased the bonds under the judgment rendered in another action, by The Commercial Nat. Bank of Versailles against the Louisville, C. & L. R. Co., a decision was rendered by this court in the case of the stockholders of the *Shelby R. Co. v. The Louisville, C. & L. R. Co.,* that was brought in a different court and to which neither appellant nor appellees in this case were parties, by which the sale of the Shelbyville Railroad to the other named com-

pany was set aside; and that in consequence of that decision the mortgage executed to secure said bonds became a nullity and of no effect, the result of which was that the bonds at and before the time of the sale to the appellant were unsecured and were and have ever since remained utterly worthless and of no value. Upon that ground appellant prays that said sale and purchase of said bonds be rescinded upon equitable terms. The allegation is not simply a statement of fact but is in effect a statement of a conclusion of law. For whether the bonds are or are not wholly unsecured and become a nullity and of no effect depends upon the manner in, and extent to which the decision of this court affected their validity. It is not, however, necessary here to decide whether the rescission of the contract of sale of the Shelbyville road to the Louisville, Cincinnati & Lexington Railroad Company had the effect to cancel the bonds and release the latter company from its obligation to pay them and to relieve its corporate property from the lien upon it. Because, conceding the bonds, as alleged, to be a nullity and of no effect and worthless, still those facts are not sufficient to constitute a cause of action against the appellees. It is not necessary to multiply authorities in support of the proposition that in the absence of fraud or other causes sufficient to annul and set aside a judgment rendered in another action for the sale of property and the judgment confirming the sale, the purchaser has no right upon the ground of the property being of no value, to recover of the plaintiff in the action the price paid by him therefor.

This court in the case of the *Farmers' Bank of Kentucky v. Peters,* 13 Bush (Ky.) 591, quoted and approved the following language: "It is a well settled principle that in judicial sales there is no warranty. This principle, as a general rule, holds good as to all thos' sales of real property made in equitable proceedings, under the direction and control of the courts, usually denominated mortgage sales, guardian's, executor's, and administrator's sales, for enforcement of vendor's, and statutory liens. * * * The purchaser takes what he gets. * * * The rule of *caveat emptor* applies in all its rigor to judicial sales of real property." Rorer on Judicial Sales, §§ 458, 459.

There is no reason why the rule should not be applied to a case like this, for here the purchaser claims all the rights of an assignee without alleging the performance on his part of the corresponding duty of diligently prosecuting his action against the obligor of the

bonds. If it be conceded that the plaintiffs in the judgment for the sale of the bonds occupy by analogy the attitude of an assignor, and are bound by an implied warranty, which is not at all the case, still the appellant has not placed himself in a position to maintain the action. By standing by and permitting the confirmation of the sale by a judgment of court that is in full force and not sought in this action to be vacated, set aside or modified, appellant has lost whatever remedy he might have had. He has no right now to nullify that judgment in the manner attempted upon the sole ground that the property purchased by him is of no value.

The judgment of the court below is *affirmed.*

*A. Duvall, Hord & Trabue, for appellant.*

*D. L. Thornton, for appellees.*