H. E. HENNING *v.* W. N. SWEENEY.

[Abstract Kentucky Law Reporter, Vol. 4—986.]

**Vendor's Lien in Sale of Land.**

A vendee of real estate who is aware of the source of title and has an opportunity to know of the defect in title, after the confirmation of the sale and the release of a lien on such real estate and the taking of a new lien by the original lienholder, in the

absence of allegations of fraud on the part of the lienholder, can not successfully defend against such lien by interposing the defense of title.

**Purchasers at Judicial Sale.**

Purchasers at judicial sales take only such title as is obtained by confirmation of sale. There is no warranty, and the rule of caveat emptor applies to the fullest extent, and there can be no relief without fraud or secret defect of title.

APPEAL FROM DAVIESS CIRCUIT COURT.

May 8, 1883.

OPINION BY JUDGE HINES:

Able sold and conveyed jointly to Quinan and wife a tract of land and assigned the notes for the unpaid purchase-money, which was a lien upon the land, to appellee. Appellee brought an action in equity to enforce his lien. There was a decree, sale, purchase by McPherson and confirmation of report of sale, but no deed made by order of court to McPherson. Pending this action and before the decree of sale Mrs. Quinan died, leaving children against whom there was no revivor of the action. McPherson sold the land to appellant and gave a title bond, in which it is recited that McPherson purchased at the decretal sale referred to and that there was due appellee, out of the amount that McPherson bid for the land and for which he had executed his bonds to the commissioner of the court, the sum of $319; that appellant had paid to appellee $200 of this sum and executed his note to appellee for the remainder, which was to be a first lien upon the land. It is also stipulated in the bond that McPherson is to make to appellant a deed with covenant of general warranty, and that McPherson at his own expense is to take steps to complete the title. Appellee signed the bond for the purpose expressed therein of evidencing the recipt of $200 and of the note of $119. Suit was instituted by appellee on this note to enforce his lien upon the land, and to that suit appellant interposes the defense of defective title, reciting the facts substantially as here set forth. To this attempted defense a demurrer was sustained, and a decree for the enforcement of the lien, from which decree this appeal is taken.

It is insisted for appellant that appellee's relation is that of the

assignee of the notes sued on when it had been executed directly to McPherson, and that, therefore, he may interpose, under our statute, any defense that McPherson could have made to the note, and that as the defense relied upon would have been available to McPherson it is available to appellant. We are not willing to concede that such is the relation of appellee, because he is no party to the contract between the vendor and vendee, receiving only an incidental benefit flowing therefrom; but admitting the relation as insisted upon, appellant is not entitled to the relief sought. There is no allegation of fraud on the part of appellee; nor is there any allegation of secret defect in the title. On the contrary, the allegations of the answer show that appellant was aware of the source of title. He had an opportunity to know of the defect in the title acquired by McPherson, and must be taken to have known of it, and as the sale bound McPherson after confirmation, and as appellee released his claim on the proceeds of the bonds executed by McPherson in consideration of the promise of appellant to pay the claim, appellant can not be allowed to rely upon a patent defect of title. Purchasers at judicial sales take only such title as is obtained by confirmation of sale. There is no warranty. The rule of caveat emptor applies to the fullest extent, so that there can not be relief without fraud, or without secret defect of title which is not ascertainable by reference to the records or to the muniments of title. *Farmers' Bank v. Peter,* 13 Bush (Ky.) 591; Rover on Judicial Sales (2d ed.) §§ 476, 477.

Judgment *affirmed.*

*Owen & Ellis,* for appellant.

*Weir, Weir & Walker,* for appellee.