*Thomas and John Speed, for appellant.*

*John Mason Brown, for appellee.*

---

JOHN B. TAYLOR, ET AL. *v.* M. D. HELM, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—324.]

**Changing Order Confirming Sale.**

    An order of court confirming a judicial sale of real estate is in the nature of a final judgment, and the court has not the power to relieve the purchaser by an order thereafter made, even in cases where the title is defective.

APPEAL FROM CAMPBELL CHANCERY COURT.

October 16, 1883.

OPINION BY JUDGE PRYOR:

The record in this case shows that after the report of sale had been confirmed the court below, at the instance of the purchasers, made an order at a subsequent term of the court, disregarded the order of confirmation and relieved the purchaser from the payment of the purchase-money. The order of confirmation was in the nature of a final judgment and the court was powerless to relieve the purchasers, although the title was defective. The report of the commissioner was confirmed in 1876 and the purchasers made no objection to their title until January, 1880, when a rule was issued against them to show cause why they should not pay the purchase-money. Their response alleged a defect in the title and was held sufficient. It does not appear that the chancellor directed any representation to be made or warranty given as to the title to the property sold, and upon a confirmation of the sale without exception we must hold the response insufficient. *Farmers' Bank v. Peter,* 13 Bush (Ky.) 591;

*Yocum v. Foreman,* 14 Bush (Ky.) 494; *Todd v. Dowd's Heirs,* 1 Metc. (Ky.) 281.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Nelson & Washington, A. Duvall, for appellants.*