### GEO. R. FEARONS *v.* T. J. GALLAGHER'S HEIRS.

[Abstract Kentucky Law Reporter, Vol. 7.—298.]

**No Warranty of Title in Judicial Sales.**

There is no warranty in judicial sales; the purchaser takes what he gets and he must protect himself by examining such title before purchasing.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

October 15, 1885.

OPINION BY JUDGE HOLT:

The appellant, G. R. Fearons, on July 15, 1867, purchased at a decretal sale the undivided one-third interest of Thomas O'Shaughnessy in three town lots at the price of $1,300, and paid it when due, together with the accrued interest, to the court's commissioner. It does not clearly appear that Thomas Gallagher ever in fact received any of the money. The sum of $500 was paid to the attorney, who retained $100 of it as a fee and paid the remainder to Gallagher. But other creditors were asserting liens in the same suits; there were various issues, and other property had been sold; and it is not satisfactorily shown that this sum so received arose from the Fearons' purchase.

A prior lien of one York was afterwards enforced against the interest purchased by the appellant and which consumed it; and

he now seeks to recover the purchase-money paid by him from Gallagher, or his heirs, he having died during the pendency of these consolidated causes, upon the ground that it was paid without consideration and ought not in law or conscience to be retained by them.

Waiving the question of its reception by Gallagher, it only appears that he was a party to the consolidated actions, and although he knew of the existence of the York lien did not inform the appellant of it.   There is no testimony tending to show that he urged the appellant to buy or made any representation as to the title, or that he was in any way guilty of any fraud or deception.   The lien of York was of record, and the failure of Gallagher to look up the appellant and inform him of it, or his mere silence, does not authorize a recovery from him.   The interest was sold at the instance of the administratix, Shaughnessy, to pay debts; the appellant, Fearons, was privy to it as the attorney of both her and Gallagher; the sale was confirmed and money distributed to the creditors. Under these circumstances the rule of caveat emptor applies.   In judicial sales there is no warranty.   The purchaser takes what he gets, and the appellant by inquiry or slight examination could have protected himself. *Farmers Bank v. Peter,* 13 Bush (Ky.) 591.

It is suggested, however, that the right of the appellant to recover from the appellees is res judicata, owing to the fact that the judgment of January 24, 1873, which gave to York a lien, provided "that the defendants, Fearons and Dalton, are entitled to have refunded to them the taxes paid by them on said lots as a prior lien on the lot and to any money paid by them or either of them in good faith under said purchase after payment of York's lien," and this view is enforced by the judgment of June 13, 1874, because after directing the commissioner to sell, first to pay certain prior liens, among which was York's, it directed him to then "sell so much of the one undivided third of lots Nos. 57, 58 and 59 as will pay to Fearons and Dalton $1,760.92 with interest from May 1, 1873, until paid."

We do not construe this, however, as meaning that the money is to be refunded by Gallagher; but that Fearons and Dalton are entitled to it out of the proceeds so arising from the sale of the one-third interest, if so much is left after the payment of the prior liens.

Judgment *affirmed.*

*E. W. Hawkins, for appellant.*

*W. H. Wadsworth, O. W. Root, for appellees.*