Vallandingham v. Worthington & Co.

CASE 16—PETITION EQUITY—JANUARY 27.

# Vallandingham v. Worthington & Co.

APPEAL FROM GRANT CIRCUIT COURT.

1. EXECUTION SALES—MISTAKE OF APPRAISERS.—While a mere mistaken opinion of appraisers as to the value of land levied on, and about to be sold under execution, will not give the defendant the right to redeem where the land brings more than two-thirds of its *appraised* value, but less than two-thirds of its *real* value, yet where such a result is caused by a mistake of the appraisers as to the tract of land they are called on to value, and a different tract is in fact valued, the debtor will be afforded relief in equity and allowed to redeem, the right of no third person having intervened.

2. WHERE LAND IS SURRENDERED BY AN EXECUTION DEFENDANT TO BE LEVIED ON, it is not necessary that he should, on the day of sale, direct the land to be sold; nor can he complain because the officer levied and sold without the production of the title papers.

3. To CONSTITUTE A VALID LEVY ON LAND where the execution defendant surrenders the land to be levied on, it is not necessary that the officer should go upon the land and make the levy, or that he should notify the defendant of the indorsement of the levy, the object of such acts being to apprise the defendant of the levy, of which he is already apprised when he surrenders the land to be levied on.

H. CLAY WHITE FOR APPELLANT.

1. The surrender by appellant of his land was not made at a time nor in the manner authorized by law in such cases. (Gen Stats., chap. 38, art. 12, sec. 7.)

 If a defendant wishes to give up land to satisfy an execution the sheriff should require evidence of title; if not exhibited, he is not bound to levy on the land. (Wolford v. Phelps, 2 J. J. Mar., 33.)

2. A sale of land under execution without advertising as directed in the statute, even though the defendant may have consented to it, is not a valid sale. (Gen. Stats., chap. 38, art. 11, sec. 2.)

3. The mistake in the appraisement was a mistake other than in the mere judgment of the appraisers, and was therefore such a mistake as made it the duty of the court to set aside the sale. (Gen. Stats., chap. 38, art 12, sec. 3; Lawrence v. Edelen, 6 Bush, 56; Anderson v. Briscoe, 12 Bush, 348.)

WARREN MONTFORT OF COUNSEL ON SAME SIDE.

Vallandingham v. Worthington & Co.

W. W. DICKERSON FOR APPELLEE.

1. The alleged variance between the execution and the judgment did not exist; but if it had existed, it would not have been fatal, as it was not upon a material point. (Williams v. Gill, 6 J. J. Mar., 490; Jackson v. Weissiger, 1 Bibb, 324; Graham v. Price, 3 Mar., 523.)

2. The appellant cannot avoid the plain terms of his surrender; it is specific as to the purpose, as to the quantity and location of the land, as to time of sale, and as to the fact that it was not to be advertised.

3. Where the defendant surrenders his land to be levied on, it is not necessary that the sheriff should go upon or see the land to make the levy. (McBurnie v. Overstreet, 8 B. M., 304.)

  But in this case the sheriff was in fact on the land at the time he made the levy

4. The mistake in the appraisement, if any, did not invalidate the sale. (Bell v. Weatherford, 12 Bush, 506; Sayres v. Hahn, 5 Ky. Law Rep., 230.)

  Irregular acts of the sheriff in which the purchaser does not participate do not affect the rights of the purchaser. (Kinney v. Scott, 1 Bush, 155; Coleman v. Trabue, 2 Bibb; Foreman v. Hunt, 3 Dana, 621; Blight v. Tobin, 7 Mon., 622.)

  The case of Lawrence v. Edelen, 6 Bush, 55, distinguished.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

A portion of the land of the appellant, Lewis Vallandingham, was sold under execution in favor of the appellees, Worthington & Co., and purchased by them at less than two-thirds of its real value.

The debtor, by writing signed by him, both surrendered it to the officer for levy, under the execution, and directed its sale without advertisement. He now resists its recovery in this action of ejectment, because he did not direct the sheriff to levy upon *one* of his several tracts of land; because he did not produce to him any title papers to the land levied on; or on the day of sale direct him to sell it; and because the officer did not go upon the land to make the levy or advertise it for sale.

The appellant appears to have owned several tracts

of land, but they lay adjoining, thus forming one body; and he directed the officer to levy upon a particular portion of it, which was described in the surrender. It was not necessary that he should, on the day of the sale, have directed it to be sold, inasmuch as he had done this in the written surrender. If the officer was willing to levy and sell without the production of the title papers to the land, the execution debtor cannot complain; nor was the sheriff bound to go upon the land to make his levy when it was surrendered to him by the debtor for sale. To constitute a valid levy upon real estate the officer must either go upon it and make it; or it must be surrendered to the officer for that purpose, by the defendant in the execution, or the officer must indorse his levy and apprise the defendant of it. He must do some unequivocal act, showing an intention to make the levy, the object of such act being to apprise the debtor of the levy.

The appraisement of the land is regular in form; but it clearly appears that both of the appraisers believed they were valuing a different piece of land from that in fact levied upon and which was sold. They so testify. Acting under this mistake, they appraised it at twenty dollars per acre, when it is shown beyond question that it was worth from twenty-five to thirty dollars an acre, in cash. As appraised, it brought at the sale over two-thirds of its value, but not that much of its real value. The statute requires its appraisement *before* the sale. The right of the defendant to redeem is made to depend upon whether it brings two-thirds of the value so fixed upon it.

It is a general rule that a mere irregularity upon the part of the officer does not vitiate a sale or affect the title of the purchaser.

This is necessary to the stability of titles to land; and certainly the performance of any duty enjoined upon the officer *subsequent* to the sale as to it would not affect the purchaser's right. Hence, it was held in the case of Reid v. Hensley, 9 Dana, 324, that the omission of the officer to have the land appraised after the sale, as was then enjoined by law, did not render the sale invalid. It was not allowed to retroact upon the sale and avoid it. It was there said, that the purchaser's "right rests upon his purchase, under a valid execution issuing upon a valid judgment, and being fairly made, cannot be defeated by the subsequent omissions or delinquencies of the officer.

"If the land in fact sold for less than two-thirds of its value, it might be a question, upon a proper case made out, whether a court of chancery might not afford relief. The officer might, unquestionably, be made responsible to the debtor for any injury he sustained by reason of his delinquency. But to permit his *subsequent omissions* or derelictions of duty to invalidate the sale, without fault on the part of the purchaser, would be to establish a doctrine that would expose titles derived under execution to an uncertainty and insecurity that would drive from the arena of bidders all prudent and cautious persons, diminish competition in bidding, and tend to produce a sacrifice to the injury of debtor and creditor."

The existing statute provides that the officer *shall*

Vallandingham v. Worthington & Co.

cause the land to be valued *before* the sale. This valuation is for the benefit of the debtor and to secure him in his legal right to redeem, if the land does not bring two-thirds of its appraised value. We do not regard the statutory provision as so mandatory that a failure to literally observe it would necessarily render a sale void; but if a failure to follow it occurs, which is material and reaches to the essence of the debtor's rights, he may be allowed in equity to redeem. It is an office of equity to give relief in case of mistake.

Here, the rights of no third party have intervened. The execution creditor was the purchaser, and it is clear that but for the mistake of the appraisers, the appellant would have had the right to redeem. The mistake is of such a character that he has no remedy against the officer; and if now denied it, he is remediless. Of course, a mere mistaken opinion of the appraisers as to the value of land would not affect the sale. To so hold would render titles utterly insecure, and create a fruitful source of litigation. In this case, however, the mistake is not of that character. They utterly mistook the land levied on and which was in fact sold, and appraised an entirely different tract, thereby depriving the debtor, who was not present at the sale, of his right to redeem. The valuation was not, therefore, fairly made; it resulted from a mistake other than the mere judgment of the appraisers, and was such a mistake as equity will take cognizance of and correct. (Lawrence, &c., v. Edelen, 6 Bush, 55.)

The appellant should have been allowed by the

lower court a reasonable time within which to redeem the land; and if done, this would, in effect, set aside the sale and the deed to the appellees; but if not done, then judgment should be rendered in their favor for the land.

Judgment reversed, with directions to allow the amended answer tendered on June 11, 1885, to be filed, and the case to be then transferred to equity; and for further proceedings consistent with this opinion.