## Marcum v. Thompson.

(Decided January 24, 1928.)

### Appeal from Bell Circuit Court.

1. Execution.—Where land is sold at execution sale, appraisement cannot be attacked on ground that land was worth more than sum fixed by appraisers, in absence of allegation of fraud or mistake as to lands appraised.

2. Execution.—Provisions of Ky. Stats., section 1709, providing that purchaser at execution sale of lands incumbered by vendor's lien shall acquire lien for purchase money enforceable in equity, is inapplicable, where execution is issued to satisfy lien.

3. Execution.—Procedure at execution sale, under which sheriff first offered various tracts singly and then offered them as a whole, and sold each tract according to separate bid, when no one would advance aggregate bid when offered as whole, nor accept less number of acres and pay debt, held proper; such procedure being permissible, under Ky. Stats., section 1675.

4. Execution.—Where, at execution sale, amount received from sale of six tracts exceeded amount required, sheriff should have sold only sufficient amount of sixth tract to realize balance due after sale of other lots, if sixth tract was divisible.

5. Execution.—Where sale of six tracts brought sum exceeding amount required at execution sale, and sixth tract was indivisible, but amount of execution would have been realized with either third or fifth excluded, one of such lots should be excluded, at owner's option.

JAMES H. JEFFRIES for appellant.

CHAS. A. WOOD for appellee.

Opinion of the Court by Judge McCandless—Reversing.

W. A. Marcum entered motion in Bell circuit court to vacate the appraisement and sale of certain lands owned by him, which had been sold at execution sale by the sheriff of the county, on the grounds: (1) By mistake the appraisers fixed an inadequate value upon the lands; (2) one of the tracts was covered by a vendor's lien; (3) that there were six tracts of land in the sale, all of which were sold in a body as a whole. Simultaneously with this motion the purchaser, J. A. Thompson, entered motion for a writ of possession of the lands sold. Both motions were heard and tried at the same time. The court overruled the motion to quash the executions, and sustained the motion for a writ of possession, which was accordingly awarded to Thompson. Marcum appeals.

The facts are these: In the action of R. L. Maddox v. Jesse Hatton et al., in the Bell circuit court there was a decree for the sale of a certain tract of land containing 67.4 acres. At that sale W. A. Marcum became the purchaser, and in accordance with its terms, together with his surety, J. A. Thompson, executed two sale bonds, in the sum of $3,189.60 and $498.23, dated February 1, 1926, and due six months after date. On the 14th day of December, 1926, writs of fieri facias issued on these bonds against Marcum and Thompson, and were levied on the lands of both parties; the levy on Thompson's lands being made subject to that upon Marcum's property, and to be enforced if a sale of the latter failed to realize the amount of the debt. There were six tracts levied on, belonging to Marcum, which were duly sold by the sheriff; his return showing all proper steps were taken and that the six tracts were offered in their order as follows: Tract No. 1, 67.4 acres; appraisement, $4,000; highest bid, $2,700. Tract No. 2, 21.6 acres; appraisement, $864; highest bid, $576. Tract No. 3, 4.1 acres; appraisement, $150; highest bid, $109.33. Tract No. 4, 15.1 acres; appraisement, $604; highest bid, $405. Tract No. 5, 5.7 acres; appraisement, $228; highest bid, $152. Tract No. 6, 13.5 acres; appraisement, $540; highest bid, $360. After offering each tract separately, the sheriff offered them as a whole, and no bid was made. Thereupon he offered the whole to any one who would pay the amount of execution, including interest, cost, and commission, $4,059.67, and take a less number of acres than

the aggregate stated.  No one offering to take a less number of acres, he knocked off each tract according to the separate bid thereon to J. A. Thompson, who was the highest bidder in each instance; the total amount of his bids being $4,303.33, which is $242 in excess of the amount necessary to pay the executions, and a trifle in excess of two-thirds of the appraised value of the lands.

Much evidence was taken to show that the 67.4 acre tract of land was worth more than the sum fixed by the appraisers, but no allegation of fraud is made; the only claim being that the appraisers made an honest mistake in their valuation, though it is admitted they were not mistaken as to the lands appraised.  It is well settled that an appraisement cannot be attacked on this ground.  Vallandingham v. Worthington, 85 Ky. 83, 2 S. W. 772; Lawrence v. Edelen, 6 Bush, 55; Knight v. Whitman, 6 Bush, 51, 99 Am. Dec. 652.

It is next claimed that in the Maddox judgment a lien was retained on the 67.4-acre tract of land to secure the purchase money, and therefore the sheriff could not make a deed to the land, but that the levy and sale only vested a lien which was enforceable in a court of equity.  It is true that under section 1709 of the Statutes an execution sale of lands incumbered by a vendor's mortgage lien only creates a lien which is enforceable in a court of equity, but we do not think the provisions of that section apply.  Here the execution was issued to *satisfy* the lien debt on this tract of land.  It was not levied subject to that lien nor was the land *sold* subject to such lien.  The purpose of the sale was to extinguish the lien.  When the purchase money was paid the lien no longer existed and the purchaser took an unincumbered title; hence this proceeding is analogous to ordinary execution sales of unincumbered property.

We have seen that the proceedings of sale were regular, in that the sheriff first offered the various tracts singly and then offered them as a whole; that no one would advance the aggregate bid when offered as a whole, nor accept a less number of acres and pay the debt.  The procedure was permissible under section 1675 of the Statutes, and as indicated above we think that section, rather than section 1709, is applicable to this proceeding.

It will be noted that the sale realized $242 in excess of the amount required to pay the execution.  It appears, however, that after the sale of the first five lots $118 remained due, and if these sales were to be maintained it

was necessary to sell tract No. 6, or a sufficiency thereof, to realize this balance on the execution, and it does not appear whether this tract was divisible. If indivisible, it further appears that the amount of the execution would have been realized with either lot 3 or lot 5 excluded; hence, if divisible, the sheriff should have sold only a sufficient amount of it to realize the balance due on the execution after the sale of the other lots, or, if indivisible, he should have omitted either lot No. 3 or No. 5 from the sale. It does not appear whether or not he has paid Marcum the excess price; presumably not, as it is not so pleaded. It therefore appears that the sale was erroneous as to either lots 3, 5 or 6; but, as Thompson purchased all the lots, this may be rectified without affecting the sale of the other lots, and the case is reversed, that it may be corrected in that particular by omitting either 3 or 5, at Marcum's option, and by paying him the excess still due on the sale. Of course, Marcum could accept the entire excess in the sale price, and this would end the matter.

Wherefore the case is reversed, and cause remanded for proceedings consistent with this opinion.