.JUDGE HARDIN
dektogred the opinion op the court.
The sheriff of Larue County having levied an execution in favor of J. G. Brown’s administrator against the appellee and others on a tract of fifty acres of land, the property of the appellee, caused, it to be valued, under oath, by two disinterested, intelligent housekeepers, as required by section 1, article 13, chapter 36 of the Revised Statutes; and the land was so valued at two dollars and a half per acre; and thereupon the land was sold by the sheriff and purchased by the appellants, C. T. Lawrence and D. M. Vititoe, for the sum of $122.75, being more than two thirds of the value of the land according to said appraisement.
Afterward, the appellants having refused to permit the appellee to redeem the land, he brought this suit in equity, tendering in court the amount of money paid for the land, and seeking to set aside the sale on the ground that, through “bad faith” in the sheriff' in the selection of the *57 persons who made said valuation, the land was incorrectly valued at said sum of two dollars and a half per acre, when, in fact, it was worth fifteen dollars per acre, and that the valuation, which operated to deprive him of the right to redeem the land, and prevent it from being sacrificed by the sale, amounted “to a gross fraud upon his rights.”
The appellants answered the petition, admitting their refusal to permit a redemption of the laud, but controverting all the statements imputing bad faith to the sheriff, or importing the charge of fraud in the valuation or sale, or that the appraisement was incorrect.
A judgment was rendered by the court setting the sale aside, and this appeal seeks a reversal of that judgment.
A number of witnesses were examined by each party as to the value of the land, and the estimates of many of them are irreconcilably different; but there is a preponderance of evidence in favor of the conclusion that the land was worth more than two dollars and a half per aero, and that the price at which it was sold was not two thirds of its real value; and if it appeared by sufficient allegation and proof that the incorrect valuation was procured by fraud, or resulted from mistake other than in the mere judgment of the appraisers, we should concur in the decision of the circuit court.
But except the statements of the petition of bad faith and fraud, to which we have referred, which as made are rather the plaintiffs’ inferences of law than averments of facts, no actual fraud is alleged to have been committed by either the sheriff, the valuers of the land, or the purchasers; nor is the inference of fraud authorized by the evidence; neither does it appear that said valuation was influenced by any mistake of which the law will take cognizance, as a reason for disregarding the test of value established by' the statute for determining the right to *58 redeem lands sold under execution. If tire right to avoid sales of land made under execution in every case depended on the opinions of witnesses as to the value of the laud, instead of the valuation which the law requires to be made, titles so acquired would not only be rendered insecure, but such sales would doubtless become a fruitful source of litigation.
But, although the persons selected by the sheriff may err in judgment as to the value of the land, their valuation, if fairly made, is the legal test of the defendant’s right to redeem the land. In our opinion therefore the court erred in setting the sale aside.
Wherefore the judgment is reversed, and the cause remanded, with directions to cause restitution of the money which was paid in court, and to dismiss the petition.