## Kidd v. Stephens.

### (Decided March 2, 1917.)

## Appeal from Wayne Circuit Court.

1. Judicial Sales—Appraisement.—In appraising land to be sold at a judicial sale, it is not necessary that the appraisers should go upon the property, if they know it, since the law only requires that appraisers should have a knowledge of the property that would enable them to fix its value.

2. Judicial Sales—Appraisement.—In appraising land to be sold at a judicial sale, the presumption will be indulged that the appraisers properly performed their duty.

3. Judicial Sales—When Will Not be Set Aside.—A judicial sale will not be set aside upon the ground that the land was appraised below its value, unless it appears that the valuation was procured by fraud, or resulted from mistake other than the mere judgment of the appraisers.

4. Judicial Sales—Policy of Law With Reference to.—It is the policy of the law to sustain judicial sales and to encourage bidding by all persons, in order that property may not be sacrificed.

O. B. BERTRAM for appellant.

J. M. KENNEDY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This appeal presents the single question of the validity of the appraisement of appellant's tract of land which was sold under a judgment in this case.

While the exceptions are four in number they really present the single issue that the appraisers had no personal knowledge of the value of the land in question and that they did not go upon the premises in making their valuation. It is claimed the appraisement was so low that it deprived appellant of his right of redemption under section 2363 of the Kentucky Statutes, which gives the debtor the right to redeem his land within one year in case it does not sell for two-thirds of its appraised value.

The land was appraised at $500.00, and sold for $350.00, which was more than two-thirds of its appraised value. Exceptions having been taken to the sale, as above indicated, and proof taken upon the issue thereby made, the chancellor overruled the exceptions and confirmed the sale. Kidd appeals.

Kidd testified that his land was worth $1,500.00, and that he had been offered $1,000.00 for it. The other three witnesses who testified upon that subject, placed the value of the land at $1,000.00. On the other hand, one of the appraisers testified that the valuation was fair and more than twice the assessed valuation for taxing purposes. The other appraiser did not testify.

It is not necessary that the appraisers should go upon the property, if they know it, since the law only requires that appraisers should have a knoweldge of the property that would enable them to fix its value. And, the presumption is that the duty was properly done. Zabel v. Masonic Savings Bank, 13 Ky. L. R. 197, 16 S. W. 588.

In 24 Cyc. 16, the general rule is announced that an appraisement can not be successfully attacked except upon the ground of fraud.

The rule has been stated more broadly in this jurisdiction. Thus, in Vallandingham v. Worthington, 85 Ky. 83, it was said that a mere mistake in the opinion of the appraisers as to the value of the land is not sufficient to affect the sale. And, in Lawrence v. Edelen, 6 Bush 55, it was further said that a sale will not be set aside upon the ground that the land was appraised below its value, unless it appears that the valuation was procured by fraud, or resulted from mistake other than the mere judgment of the appraisers.

In Harris v. Gunnell, 10 Ky. L. R. 419, 9 S. W. 376, the court said:

"Considerable testimony has been taken, *pro* and *con,* as to the correctness of the valuation of the land fixed by the appraisement. This was unnecessary, and the evidence can only be considered upon the question whether the land brought a fair value. The appraisement is not attacked upon the ground of fraud, mistake or unfairness. It is only assailed for error of judgment upon the part of the appraisers. This can not avail.

"It furnishes no ground for setting aside a sale.

"The valuation of the appraisers, if fairly made, furnishes the legal test of the debtor's right to redeem, although they may err in judgment in fixing it. An incorrect appraisement can only avail to set aside a sale when it is the product of fraud or unfairness or mistake other than one arising merely from an erroneous opinion as to value. Lawrence, &c. v. Edelen, 6 Bush 55."

It is the policy of the law to sustain judicial sales and to encourage bidding by all persons, in order that

property may not be sacrificed. Leavell v. Carter, 112 S. W. 1119; Harris v. Gunnell, *supra.*

There being no claim that the appraisers were actuated by fraud, or that they made a mistake in fixing the valuation other than one arising merely from an erroneous opinion upon that subject, it follows that the judgment of the circuit court was right.

Judgment affirmed.