## Tully v. Trimble.

(Decided April 13, 1917.)

### Appeal from Logan Circuit Court.

1. Exemptions—Judicial Sales—Appraisement.—The action of appraisers selected to appraise the land of a debtor is final and conclusive, unless impeached for fraud, or mistake other than a mere mistake in the judgment of the appraisers as to the valuation.

2. Exemptions—Appraisement.—The presumption will be indulged that the appraisers properly performed their duty.

S. R. CREWDSON for appellant.

G. W. MERRITT for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On May 15, 1913, an execution issued from the Logan circuit court clerk's office in favor of G. W. Merritt, against the appellant, James Tully, for $172.62.

Tully owned a lot fronting 126 feet on Center street, in Russellville, having a small house located upon the western portion thereof. The sheriff levied upon the Center street property; and, Tully having claimed a homestead therein, the sheriff appointed Johnson and Page as appraisers to set aside the homestead, as required by the statute. The appraisers were duly sworn by the sheriff; and, at the request of Tully, they set aside the western 80 feet upon which the house was located, as his homestead, which they valued at $1,000.00. The remaining lot of 46 feet was appraised at $300.00.

The sheriff then sold the 46 feet at public outcry on September 22, 1913, to the appellee, Trimble, for $172.62. The 46 feet having brought less than two-thirds of its appraised value, the appellant had the right to redeem

it at any time within one year after the sale. Ky. Sts., sec. 1684. Having failed to redeem the property, Trimble, by motion made February 2, 1913, pursuant to section 1689 of the Kentucky Statutes, moved the circuit court for a judgment granting him possession of the lot which he had bought.

This motion Tully answered quite elaborately, to the effect that the sale had not been made according to law; that the property had not been appraised as required by the statute; that he had a family and was entitled to a homestead in the Center street property upon which he resided; that the entire lot had been used as a homestead; and that it, as a whole, was not worth exceeding $1,000.00.

A demurrer was sustained to the answer; the writ of possession was granted; and Tully appeals.

But, under the proof, the five defenses really present but one question of law, to-wit: That the property was not appraised as required by the statute. Appellant's right to a homestead was not disputed; on the contrary, the sheriff not only recognized that right, but he set aside a homestead for the appellant, as he was required to do by section 1703 of the Kentucky Statutes.

The only question presented by this appeal, as we understand it, is this: Can the report of the sheriff and the written appraisement of the appraisers be impeached in the absence of a charge of fraud, or mistake other than a mistake in opinion as to valuation?

Appellant contends that where the valuation is attacked the question comes primarily before the court and the appraisement is only to be treated as *prima facie* correct, and is subject to refutation by parol evidence. In support of this contention, appellant has taken proof tending to show that the entire 126 feet was not worth more than $1,000.00, and that the appraisers made a mistake in their valuation.

We do not, however, understand this to be the rule of law applicable to cases of this character. On the contrary, this court has often held that the action of the appraisers is conclusive, in the absence of fraud or mistake upon their part.

In Gowdy, Admr. v. Johnson, 104 Ky. 651, 44 L. R. A. 400, the court said:

"It is settled law that the action of the appraisers is final and conclusive against the world, unless im-

peached for fraud or mistake. The mistake meant is not one of mere judgment with respect to the value of the land set apart. That is the precise thing they are called on to do—value the land and set it apart. If, intending to set apart but fifty acres, they should, in fact, set apart, by mistake, one hundred acres; this would afford ground for relief to any complaining creditor.''

In the late case of Kidd v. Stephens, 174 Ky. 381, it was held that a sale would not be set aside upon the ground that the land was appraised below its value, unless it appeared that the valuation was procured by fraud or resulted from mistake, other than a mere mistake in the judgment of the appraisers as to the valuation. In the absence of fraud or mistake the presumption that the appraisers properly performed their duty, must prevail. Lawrence v. Edelen, 6 Bush 55; Harris v. Gunnell, 10 Ky. L. R. 419, 9 S. W. 376; and Zable v. Masonic Savings Bank, 13 Ky. L. R. 197, 16 S. W. 588.

See also 24 Cyc. 16, and Leavell v. Carter, 112 S. W. 119.

There being no charge of fraud against the appraisers, and no allegation of mistake except as to valuation, the circuit court properly sustained the demurrer to the answer.

Appellant insists, however, that the sheriff first appointed C. W. Cornelius to act with Johnson in making the appraisement, and that Cornelius and Johnson appraised the entire property at $1,000.00, but that the sheriff removed Cornelius as appraiser and subsequently appointed Page in his place. This contention was properly overruled, for the sufficient reason that the proof does not sustain it. The sheriff testified that in inquiring for competent appraisers, he spoke to Cornelius upon the subject; but perceiving that Cornelius was, as the sheriff believed, not entirely disinterested in the matter, he declined to swear him as an appraiser.

Johnson corroborates the sheriff as to Cornelius' attitude in the case; and, Johnson further testified that although he and Cornelius examined the property together, Johnson declined to express any opinion because he considered Cornelius so unreasonable as to preclude any agreement or even discussion of the question of values. For this reason, the sheriff declined to swear Cornelius as an appraiser, and selected Page to act with Johnson in making the appraisement.

The record fails to show that Cornelius was ever appointed to act as an appraiser. On the contrary, it shows that Page and Johnson were duly appointed, and that they were sworn and acted in all respects, as required by law.

Judgment affirmed.