## Runyon, et al. v. Bevins, et al.

(Decided March 1, 1927.)

## Appeal from Pike Circuit Court.

1. Execution—Execution Sale Cannot be Set Aside for Inadequacy of Consideration, Where Land Brought More Than Two-thirds of Appraised Value, and Fraud or Mistake of Appraisers was Not Alleged.—Inadequacy of consideration alone is not sufficient to authorize setting aside of execution sale, where land brought more than two-thirds of appraised value, and there was no allegation of fraud or mistake of appraisers, since in such a state of case appraisement cannot be impeached.

2. Execution—Sheriff's Uncontradicted Testimony that he Posted Notices of Execution Sale Held to Show that They were Posted.—Evidence held to show that notice was posted advertising execution sale, where sheriff testified without contradiction that he posted notices in proper time, one of which was placed on a post at a public place within 100 feet of the land.

3. Fraudulent Conveyances—Evidence Held to Show that Conveyance was Made to Hinder Creditors.—Evidence held to show that debtor's conveyance to children was made with intent to hinder and delay creditors.

4. Fraudulent Conveyances—Conveyance With Intent to Defraud and Hinder Creditors is Void as to Existng Credtors (Ky. Stats., Secton 1906).—Conveyance to children, with intent to hinder and delay creditors, is void as to existing creditors, in view of Ky. Stats., secton 1906.

5. Fraudulent Conveyances—Creditor May Levy on Property as Property of Debtor, After Latter's Void Conveyance to Hinder Creditors.—Creditor may ignore void conveyance by debtor to children, which was made with intent to hinder and delay creditors, and levy on and sell property conveyed as property of debtor.

STRATTON & STEPHENSON for appellant.

DAUGHERTY & BARRETT for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

On October 30, 1922, an execution issued in favor of C. T. Crockett against G. T. Bevins on a judgment of $1,145.00, interest and costs. By agreement of parties Bevins paid cash $100.00 and undertook to pay the balance of the judgment in semi-monthly installments of $250.00 each, beginning on Saturday after December 1st, the execution not to be levied and none other to be issued if he complied with the agreement. On November 28th

Bevins conveyed his real property, consisting of his home farm and a two-sevenths interest in a tract inherited from his father, to his children, and declined to make any of the installment payments. On December 29 a second execution issued, and on February 19, 1923, it was levied on the above mentioned lands as the property of Bevins without reference to the conveyance he had made. On the 13th of March, 1923, Bevins' children, vendees in his deed, filed a petition in equity seeking to enjoin the sheriff from enforcing the lien. A temporary injunction was refused and the land was advertised for sale on April 2, at which time the home farm was appraised for the sum of $5,000.00 and the two-sevenths interest in the other tract at $1,400.00. The undivided interest in the last tract was purchased by Mrs. Esther Runyon at the price of $1,262.00, the amount of the execution, and deed made to her on April 7th. The other tract was not sold. By amended pleading the plaintiffs made Mrs. Runyon a defendant, alleged that they were the owners of the property and had paid a valuable consideration therefor; set up the facts of the sale, alleged that it had not been properly advertised; that the reasonable value of the land was $2,500.00, and tendered and paid into court $1,262.00, the amount of the purchase price, and prayed that the deed to Mrs. Runyon be cancelled. Chas. Crockett and Mrs. Runyon filed answer controverting these allegations and charging that the conveyance from G. T. Bevins to his children was without consideration, fraudulent and void as to his creditors. Proof was taken on these issues and judgment rendered in favor of plaintiffs, cancelling the deed in question and requiring Mrs. Runyon to accept the purchase price of the land with interest. She appeals.

The principal question argued in brief for appellee is inadequacy of consideration, and much proof was taken as to the value of the two-sevenths interest in the land sold and conveyed, the weight of the evidence being that it was worth $2,500.00, but there is no allegation of fraud upon the part of the appraisers, or that they made any mistake as to the land they were appraising, and it is well settled that in such a state of case the appraisement cannot be impeached. Lawrence v. Edelen, 6 Bush 55; Harris v. Gunnell, 10 Ky. L. R. 419; Kidd v. Stephens, 174 Ky. 381; Tully v. Trimble, 175 Ky. 32. Hence, as the

land brought more than two-thirds of its appraised value, the inadequacy of the consideration alone is not sufficient to authorize the court to set aside the execution sale.

(2) The appellees testify that they did not see any notice posted advertising the sale, but the sheriff testifies without contradiction that he posted the notices in proper time, one of which was placed on a post at a public place within 150 feet of the land. We deem this sufficient.

(3) Appellees claim a valuable consideration for the conveyance to them by their father but fail to show it. No cash was paid or other consideration given except it is claimed that two of them had formerly worked at their father's saw mill and that he was indebted to them for that and that he owed the others in an undisclosed amount for work and labor at home performed during their infancy and afterward, it being claimed by them that they paid $100.00 each for the $5,000.00 home tract and the two-sevenths interest in the other which was appraised at $1,400.00, and which they now claim was worth $2,500.00. Clearly this conveyance was made with the intent to hinder and delay the creditors of G. D. Bevins and is condemned by section 1906 of the statutes and was void as to existing creditors. It is well settled that in such cases the creditor may ignore a void conveyance and levy upon and sell the property as the property of the debtor. Hall v. Casebolt, 171 Ky. 477; Fuller v. Pinson, 98 Ky. 441; Scott's Exor. v. Scott, 85 Ky. 385. It follows that the purchaser acquired a good title to the land in question and the court erred in cancelling the sheriff's deed and requiring her to accept a refund of the purchase money and interest.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.