### Southwood v. Willis.

(Decided January 31, 1928.)

## Appeal from Wayne Circuit Court.

1. Judicial Sales.—Appraisers need not go on property, if they know it; since law only requires that appraisers should have knowledge of property that will enable them to fix its value, and there is always presumption that duty was properly performed.

2. Judicial Sales.—Incorrect appraisement can only avail to set aside judicial sale, when it is made to appear by sufficient allegations and proof that incorrect valuation was procured by fraud,

or resulted from mistake other than mere judgment of appraisers.

3. Judicial Sales.—Appraisement of property at judicial sale was not fraudulent, because one appraiser fixed value and the other subsequently agreed to it, though not in presence of former; hence setting sale aside was not warranted on that ground, there being neither averment nor proof of fraud or mistake.

4. Judicial Sales.—Where there was some inadequacy in price paid at judicial sale, but inadequacy was not sufficient to shock conscience, and there were no other circumstances conducive to show any irregularity in conduct of sale, held, that inadequacy of price alone was not sufficient to require sale to be set aside.

DUNCAN & BELL for appellant.

BERTRAM & BERTRAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

A tract of land, consisting of 95 acres, more or less, and belonging to B. R. Southwood, was sold at a judicial sale. It was appraised at $950, and C. E. Willis, the plaintiff in the action, became the purchaser at the price of $650. From a judgment overruling the defendant's exceptions to the report of sale, this appeal is prosecuted.

One of the exceptions to the report of sale was that the appraisement was not properly made. While numerous irregularities in the appraisement were charged, the facts developed on the hearing were these: W. I. Hayden and Wesley Williams were appointed as appraisers by the master commissioner at 10 o'clock a. m. on the day of sale, which took place at 1 o'clock p. m. The appraisers did not go out and look at the property, but after they were appointed came into the master commissioner's office one at a time and signed the appraisement. W. I. Hayden, one of the appraisers, testified that he was appointed appraiser at about 10 o'clock in the morning. He did not go upon the property that day, and it had been a good while since he had seen the property. He and Wesley Williams did not get together and agree on the valuation of the farm, but signed the appraisement fixed therein, but not in the presence of each other.

There is no merit in the contention that the appraisers were not sworn. The master commissioner's report of sale shows that the property was duly appraised as the law directs, by Hayden and Williams, two disinter-

ested housekeepers of Wayne county, who were duly sworn and were not related to any of the parties to the action. The appraisement was filed with the report, and shows on its face that it was subscribed and sworn to before the master commissioner by Williams and Hayden.

While it was charged that the appraisers did not go upon the property and that Hayden did not know the land, its location, the number of acres, or its character or value, only the charge that they did not go upon the land is supported by the evidence. On the question of Hayden's lack of knowledge, the evidence merely shows that he had not seen the land for some time. We have ruled that the appraisers need not go upon the property, if they know it, since the law only requires that appraisers should have a knowledge of the property that will enable them to fix its value, and there is always the presumption that the duty was properly performed. Zabel v. Masonic Savings Bank, 16 S. W. 588, 13 Ky. Law Rep. 197; Kidd v. Stephens, 174 Ky. 381, 192 S. W. 44. It is also the established rule in this state that an incorrect appraisement can only avail to set aside a sale, when it is made to appear by sufficient allegations and proof that the incorrect valuation was procured by fraud, or resulted from mistake other than in the mere judgment of the appraisers. Lawrence v. Edelen, 6 Bush, 55; Kidd v. Stephens, supra. Here there was no allegation of fraud or mistake within the meaning of the rule.

Doubtless it is the better practice for appraisers to discuss and agree on the valuation; but it hardly can be said that an appraisement was procured by fraud, because one of them fixed the valuation, and the other subsequently agreed to it, though not in the presence of the former. There being neither averment nor proof of fraud or mistake in the appraisement, the chancellor did not err in refusing to set aside the sale on the ground that the appraisement was incorrect.

There was some proof of inadequacy of price, but the inadequacy is not sufficient to shock the conscience, and there are no other circumstances conducive to show any irregularity in the conduct of the sale. In the circumstances the inadequacy of price is not alone sufficient to require that the sale be set aside. Smith v. Holowell, 201 Ky. 271, 256 S. W. 408.

Judgment affirmed.