## Cornett v. Brashear, et al.

(Decided June 19, 1928.)

(As Modified on Denial of Rehearing, October 9. 1928.)

### Appeal from Perry Circuit Court.

1. Judgment.—Default judgment, which was not to take effect until maturity of note sued on, was in conformity with Civil Code of Practice, sec. 242, and hence not void.

2. Abatement and Revival.—It was proper to revive action, wherein defendant's property was attached, against his heirs at law, if he was owner thereof at time of his death.

3. Abatement and Revival.—Where independent suit to set aside order reviving default judgment against attachment defendant's heirs was consolidated with action in which judgment was rendered and attack on order of revivor treated as motion to set it aside as clerical misprision in consolidated action, and plaintiff in original action undertook to perfect revivor by subsequent notice and motion, such heirs could raise question of prematurity of such order because made less than 12 months after attachment defendant's death, contrary to Civil Code of Practice, sec. 407, subsec. 3, and court had jurisdiction to determine title to property, in consolidated action.

4. Attachment.—Attachment plaintiff may ignore defendant's, deeds, recorded before filing of action, and state grounds for order of general attachment on allegation of fraud, without referring to such deeds, if fraudulent.

5. Bills and Notes.—Where claim that note was given in consideration of prior existing indebtedness was controverted by reply, and no proof was taken, presumption is that debt was created simultaneously with execution of note.

6. Fraudulent Conveyances.—In absence of proof of actual fraud in execution of deeds, those executed before date of grantor's note must be upheld for purposes of attachment in aid of action on note, as against contention that they were voluntary conveyances within Ky. Stats., sec. 1907, which does not apply to conveyances by debtor before creation of debt sued on.

7. Fraudulent Conveyances.—In absence of proof, timber deed, executed after date of grantor's note, for recited consideration of $10 and other good and valuable considerations, must be held void as to payee acquring lien on land by attachment.

8. Fraudulent Conveyances.—Deed of fee in 100 acres of land for $10, love and affection, and other good and valuable considerations subsequent to grantor's execution of note sued on, held invalid as against plaintiff's attachment lien; being voluntary conveyance within Ky. Stats., sec. 1907.

9. Fraudulent Conveyances.—Deed of land to grantor's daughter, dated before, but acknowledged after, grantor's execution of note sued on, held invalid as voluntary conveyance, as against plaintiff's attachment lien, since date of acknowledgment must be accepted as true date.

10. Fraudulent Conveyances.—Recitation in deed, executed after date of grantor's note sued on, that it was given in lieu of a lost deed executed before such date, being prima facie evidence of such facts, which placed burden on plaintiff to show otherwise, deed must be upheld as against plaintiff's attachment lien, in absence of any proof.

W. H. MILLER and D. G. BOLEYN for appellant.

WOOTTON & WOOTON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming in part and reversing in part.

On March 1, 1915, John B. Cornett, instituted an action pursuant to section 237 of the Civil Code against R. H. Brashear on a note of $1,000, executed September 21, 1914, and due 18 months thereafter. Several grounds of attachment were stated in the verified petition and an attachment was issued and levied on a tract of land embracing over 1000 acres, as the property of defendant, who was duly served with summons. No answer was filed, and at the succeeding August term of court a default judgment was taken for the amount of the note effective at its maturity. The order of attachment was also sustained, and the land subjected to the attachment lien, and ordered to be sold in satisfaction of the judgment, it being further provided that the sale was not to be made until after the maturity of the note on March 21, 1916. On February 2, 1917, plaintiff filed affidavit showing that R. H. Brashear died on the ——— day of April, 1916, and also notice for a revivor duly served upon the widow and the heirs at law of the deceased defendant, and in conformity therewith moved the court for an order of re-

vivor against them. On the 17th of March following, these parties filed response to the motion to revive, and objected to the revivor, because: (a) The note was executed without consideration; (b) because, prior to May 1, 1915, the day the petition was filed, the deceased, R. H. Brashear, and his wife had sold and conveyed to each of the parties severally certain boundaries of land by deeds duly executed, acknowledged, and delivered; that these deeds embraced all the lands attached, and for that reason R. H. Brashear had no interest in the land at the date of the levy of attachment; (c) because the attempted revivor was not in accordance with the Code procedure made and provided for such purpose. A demurrer was sustained to this response, and an order entered reviving the judgment against the respondents as heirs at law of R. H. Brashear, deceased, to which ruling exceptions were taken. It appears that the heirs at law also filed answer which does not appear of record, and to which the plaintiff replied on March 5, 1918, and again on May 8, 1918, plaintiff filed supporting affidavit duly executed and a second motion for an order of revivor, and that the action be consolidated with the action of Juda Brashear against John B. Cornett, defendant.

2.  In the latter action Juda Brashear, wife of R. H. Brashear, and his children, as heirs at law, on the 27th of April, 1917, filed a petition in equity against John B. Cornett and A. B. Cornett, sheriff, alleging affirmatively that R. H. Brashear and his wife had for a valuable consideration conveyed to them all of the land levied on under the attachment as follows: One tract to J. P. Brashear by deed dated August 31, 1914, recorded September 15, 1914; to J. P. Brashear dated December 9, 1913; recorded September 15, 1914; to J. P. Brashear dated January 13, 1915, recorded January 22, 1915; to H. B. Brashear of date November 6, 1914, recorded January 22, 1915; to Polly Ann Evans (daughter) dated January 13, 1914, but acknowledged January 13, 1915, and recorded January 22, 1915; to Elizabeth Brashear, dated December 9, 1913, recorded February 27, 1914. The proceedings in the former suit of Cornett v. Brashear were fully described, and it was alleged that R. H. Brashear was not the owner of any of the land at the time of filing the suit or levy of attachment.

It was further alleged that the order of revivor above set out as entered March 27, 1917, was a clerical

misprision, and its entry unknown to them prior to April 24, 1917. They asked that such order be set aside and the sheriff enjoined from making a sale of the property in question until a final determination of the case. A temporary injunction was granted and an order entered consolidating the two actions, after which John B. Cornett filed answer denying that the lands in question or any of them were conveyed to any of the plaintiffs for a valuable consideration or any consideration. He further pleaded that the indebtedness evidenced by the note sued on was created long prior to September 21, 1914, the date of the note, and was in existence prior to the execution of any of the deeds in question; that R. H. Brashear sold and conveyed the lands in question to his children, with the fraudulent purpose of cheating and delaying him in the collection of the debt herein sued on. This was partially controverted by reply filed May 14, 1918. No further steps were taken in the case until the 16th of February, 1925, at which time plaintiff filed an additional reply controverting those portions of the answer which had not been controverted in the original reply. The case was submitted on the pleadings and exhibits without further proof. The court sustained the plaintiff's contention, made the temporary injunction permanent, and dismissed Cornett's answer in the second action. Cornett appeals.

3. It will be noted that in the first action the default judgment was not to take effect until the maturity of the note. It is therefore in conformity with the provisions of section 242 of the Civil Code, and not void, as claimed by appellee.

4. As to the effect of the order of revivor and the character of appellee's attack upon it: If R. H. Brashear was the owner of the attached property at his death, it would have descended to his heirs at law, and it was proper to revive the action against them. This may not be done until after the lapse of twelve months from the date of the death of defendant. Section 407, subsec. 3, Civil Code. And, as the order of revivor was made, or attempted to be made, within less than 12 months after the death of R. H. Brashear, it was premature. Appellant insists that, though premature, the order was not void, and that it cannot be attacked in an independent action. However, this question need not be elaborated; because, though the second suit was begun as an inde-

pendent action, it was consolidated with the first one; and the attack upon the order of revivor made therein was treated as a motion to set aside such order, as a clerical misprision, in the consolidated actions. It will further be observed that Cornett undertook to perfect this revivor by a subsequent notice and motion in March, 1918. We conclude that appellees could raise this question in the manner in which they did, and the court had jurisdiction in the consolidated action to determine the title to the property.

5. Considering the case on its merits, it will be noted that several of the deeds had been recorded before Cornett filed his original action, and he ignored those conveyances as being void, and without referring to them stated grounds for an order of general attachment upon the allegation of fraud. If the deeds were in fact fraudulent, he was authorized to take this course. Runyon v. Bevins, 218 Ky. 589, 291 S. W. 1033. So that the real question for determination is as to the effect of these deeds. We have seen that the note is dated September 21, 1914. Cornett claims that it was given in consideration of a prior existing indebtedness, but, as this allegation was controverted by reply, and no proof taken, the presumption is that the debt was created simultaneously with the execution of the note. There is no proof of actual fraud in the execution of the various deeds, and the only ground relied upon affecting their validity is that they were voluntary conveyances, and therefore fraudulent and void under section 1907, Ky. Statutes. That statute does not apply to conveyances executed by a debtor prior to the creation of the debt sued on and it follows that such deeds as were executed before the date of the note, September 21, 1914, must, for the purposes of this case, be upheld. A fortiori, the deeds executed prior to the date of the note for a valuable consideration must be held valid, and, in view of the fact that the chancellor upheld all of the conveyances, no reference need be made to any of them that were executed before the date of the note except for the purpose of explanation.

There were three deeds to J. P. Brashear. Two of these, executed December 9, 1913, and August 31, 1914, respectively, conveyed the surface only, and specifically reserved the timber and mineral rights. Under the above ruling by these deeds vendee acquired a valid title

to the surface. By the third deed of January 13, 1915, R. H. Brashear undertook to convey to J. P. Brashear the timber on these lands. The recited consideration for this conveyance was $10 and other good and valuable considerations, which may mean anything, and, in the absence of proof, this conveyance must be held to have been void as to Cornett, who by virtue of his attachment acquired a lien thereon. The deed to Polly Ann Evans purports to have been dated January 13, 1914, but it was acknowledged on January 13, 1915, and the latter must be accepted as its true date. Northern Coal & Coke Co. v. Bates, 146 Ky. 624, 143 S. W. 13. And it must be held void as to Cornett. The two deeds of November 6, 1914, to H. B. Brashear were also subsequent to the execution of the note. One of these undertakes to convey a fee in 100 acres of land for $10, love and affection, and other good and valuable considerations, and the other conveys the surface only in 100 acres for the recited consideration of $1 and love and affection, and with the further recitation that it is in lieu of a similar deed to the same property executed on December 9, 1913, which had been lost. Clearly the first of these was a voluntary conveyance, and invalid as against plaintiff's lien, and the second would be invalid except for the recitation that it was given in lieu of a lost deed between the same parties executed on December 9, 1913, whcih, under the general rule, is prima facie evidence of the facts stated. This placed the burden upon Cornett to show otherwise, and, in the absence of any proof, this deed must also be upheld.

Wherefore, to the extent indicated above, the judgment is reversed as to J. P. and H. B. Brashear and Polly and Evans; and affirmed as to other appellees, and cause remanded for proceedings consistent with this opinion; one-fourth of the costs to be taxed against J. P. and H. B. Brashear, and three-fourths against John B. Cornett.