## FIRST STATE BANK OF JACKSONVILLE et al. v. SMITH.

### No. 3940.

Court of Civil Appeals of Texas. Texarkana.

Jan. 15, 1931.

Guinn & Devereux, of Jacksonville, for appellants.

Woolworth & Baker, of Carthage, and Slay & Simon, of Fort Worth, for appellee.

WILLSON, C. J. (after stating the case as above).

In his petition appellee alleged that the land was conveyed to J. N. Brooker by E. C. Clabaugh, Jr., acting as a substitute trustee under a deed of trust to J. W. Cooke dated March 23, 1927, filed for record July 19, 1927, and recorded in volume 12, page 624, of the Panola County Deed of Trust Records. At the trial, over appellants' objection, the court admitted as evidence a deed of trust from the resource corporation to J. W. Cooke, trustee, not dated, but the execution of which was acknowledged May 10, 1927, and which was filed for record July 19, 1927, and recorded in said volume 12 on page 624 of said Panola County Deed of Trust Records. A ground of the objection to the admission of the trust deed as evidence was that it was not only not dated March 23, 1927, as appellee had alleged it to be, but was not dated at all, and therefore should be treated as dated May 10, 1927, because it appeared that its maker, the resource corporation, acknowledged its execution on that day. It is insisted in support of the contention that the court erred when he overruled the objection on the ground stated. Doubtless it is true that under some circumstances the date of the acknowledgment of a deed should be treated as the date of the deed [Northern Coal & Coke Co. v. Bates, 146 Ky. 624, 143 S. W. 13; Cornett v. Brashear, 225 Ky. 529, 9 S.W.(2d) 302], but whether it is or not we think is of no importance in this case. No right of any of the parties was affected by the date of the trust deed, and its date was of importance only in identifying it as the instrument under which the substitute trustee acted. Hough v. Hill, 47 Tex. 148; Thompson v. Cobb, 95 Tex. 140, 65 S. W. 1090, 93 Am. St. Rep. 820. It was sufficiently, if not conclusively, so identified by the evidence showing the date it was filed for record, the record book and page thereof in which it was recorded, recitals in the notes held by appellants, and the absence of evidence showing any other such deed from the resource corporation to Cooke ever to have existed. Hence we think the first, second, third, and seventh assignments of error are without merit and should be overruled.

The contention urged by appellants that they were entitled to a resale of the land is on the theory it appeared from parts (set out in the statement above) of the instruments evidencing the contract between the parties, that they (appellants) were to be entitled, after the holders of the first four of the eight notes had had a foreclosure, to have a foreclosure of the lien created to secure the two notes they (appellants) held of the last four of the eight notes. It will be noted, on referring to said parts of said instruments, that the provision therein for a foreclosure of the last four notes was not that the holders thereof were to be entitled to a foreclosure after the holders of the first four had had a foreclosure, but that the lien created to secure the last four of the notes was not to be foreclosed "until (quoting) the full payment shall have been had of the first four notes"; that "payment (quoting) of said first notes shall be had before the remaining four notes are enforceable"; and that the "holder or holders (quoting still further) of the last four notes of said series shall not have the right to foreclosure until after full and final payment of the first four notes of said series, without the consent of the holder or holders of the first four notes of said series." It conclusively appeared that the amount realized from the trustee's sale on account of the first four notes was not sufficient to satisfy these notes in full. That being true, it is obvious that by the terms of the contract the contingency upon which appellants were entitled to a foreclosure on account of the notes they held never arose, and that their contention to the contrary on the theory stated was without the support of anything in the record.

As we view the case, the position of appellants as owners of two of the last four of the eight notes was, in legal effect, that of junior mortgagees. The rule seems to be, in the absence of fraud, and there was no evidence of any in this case, that "a regular sale under a trust deed (and the one in question was such a sale) will cut off" equities of a junior lien holder. Tolleson v. Nobles (Tex. Civ. App.) 152 S. W. 850; Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147; 2 Jones on Mort., 1821a.

It is insisted it appeared appellants, as the holders thereof, were entitled to recover of the resource corporation the amount of the two notes they held of the last four of the eight notes; appeared further that as such holders they were entitled to a foreclosure of the lien created to secure said two notes; appeared further that the land was worth enough to satisfy the first four notes in full, all costs, and part of the amount of the two notes of the last four owned by appellants; and appeared further that they (appellants)

were not parties to the foreclosure had by appellee and had no notice thereof. Therefore the court below erred, appellants insist further, when he refused to award them a recovery, as against said resource corporation, of the amount of said two notes and when he refused to foreclose the lien reserved to secure same and direct a resale of the land. It appearing, as we have determined, that appellants were not entitled to a foreclosure of their lien and a resale of the land, we think it is a sufficient answer to the contention that appellants were entitled to recover of the resource corporation the amount of the notes they held, to call attention to the fact that said corporation was a foreign corporation, that it made no answer to the suit, was without right so far as the record shows to the contrary to engage in business in this state, without an agent here upon whom service of a citation could be had, and on whom personal service of notice of the suit was not had elsewhere than in the state of New York. In that state of the case, appellants were not entitled to a personal judgment against said corporation. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

As we understand the record, appellants have failed to point out error requiring a reversal of the judgment. Therefore it is affirmed.